**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
JOHN A. GALBREATH,              :
                                :
          Plaintiff,            :
                                :
     v.                         :   Civil Action No. 04-2222 (JR)
                                :
JON W. DUDAS, Director, U.S.    :
Patent and Trademark Office,    :
                                :
          Defendant.            :
```

**MEMORANDUM**

Plaintiff, John Galbreath, sues pursuant to 35 U.S.C. § 145 for *de novo* review of patent claims that were rejected by an appeals board at the U.S. Patent and Trademark Office ("PTO") on September 30, 2002. Defendant PTO now moves for dismissal under Fed. R. Civ. P. 8(a) and 12(b)(6) for failure to state a claim upon which relief may be granted, or, in the alternative, for summary judgment. For the reasons discussed below, defendant's motion for summary judgment will be granted.

**Background**

This is plaintiff's second action seeking reversal of the PTO's rejection of his patent application. In the first action, Galbreath v. Rogan, Civil Action No. 02-2354 (JR), I granted the defendant's motion to dismiss the complaint without prejudice under Rule 8. The complaint was three paragraphs long. The first paragraph stated the basis for the court's jurisdiction. The second paragraph, entitled "statement of the claims," read in full:

> On September 30, 2002, the Board of Patent Appeals and Interferences of the U.S. Patent and Trademark Office issued a decision on appeal for plaintiff's application #09/288,546, rejecting claims 21-27 and 29-35 of that application.

The third paragraph demanded that the PTO "allow claims 21-27 and 29-35, and grant plaintiff a patent on said claims." As I stated in the memorandum accompanying my order of dismissal, Galbreath's complaint did not identify what was erroneous about the PTO's rejection of his claims, nor even that its rejection was erroneous. It thus failed to meet Rule 8's basic requirement that the complaint "show[] that the pleader is entitled to relief."

The defendant's motion to dismiss did not motivate Galbreath to correct this omission through amendment; rather, he made a series of arguments in response explaining why his complaint satisfied Rule 8. Nor did Galbreath take advantage of the "without prejudice" dismissal and file an amended complaint. Instead, he appealed, and lost. <u>Galbreath v. Dudas</u>, 176 Fed.Appx. 746 (Fed. Cir. 2004).

After the Federal Circuit's decision was announced, but before its mandate issued, plaintiff filed this second action (what plaintiff calls "his amended complaint"). This time, plaintiff has added two sentences to his "statement of the claims":

> (1) The rejection of Claims 21-23, 25-27, and 29-35 were improper, because Claims 21-23, 25-27, and 29-35

>are non-obvious under 35 U.S.C § 103 versus the prior art, and thus patentable.  (2) The rejection of Claim 24 was improper, because Claim 24 is definite under 35 U.S.C. § 112, second paragraph and thus patentable.

The complaint is otherwise identical to the first one.

Defendant PTO has again moved for dismissal for failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment.  In its motion for summary judgment, defendant argues that Galbreath's second complaint is barred by the applicable statute of limitations governing the review of patent application decisions.  See 35 U.S.C. § 145 (granting 60 days within which to file for District Court review of the PTO's decision).  Plaintiff filed his second complaint on December 23, 2004, approximately 23 months after the end of the 60-day period that started with the September 30, 2002 rejection of his patent application.  During that period plaintiff was dutifully prosecuting his initial complaint, of course, and he contends that the limitations period was tolled for the duration of his original suit, including his appeal to the Federal Circuit, or that in any event he should have the benefit of equitable tolling.

## Analysis

The dismissal of a complaint without prejudice does not toll or suspend the statute of limitations.  Ciralsky v. C.I.A., 355 F.3d 661, 672 (D.C. Cir. 2004).  Rather, after a complaint is dismissed without prejudice, "the tolling effect of the filing

of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." Id. at 672. In other words, "the original complaint is treated as if it never existed." Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 77 (3d Cir. 1983). The result is that, "when...the statute of limitations has run the dismissal is effectively with prejudice." Ciralsky, 355 F.3d 672.

Galbreath contends that the statute of limitations was tolled until the completion of his Federal Circuit appeal, but Ciralsky shows the error of that contention. If the Ciralsky plaintiff's pending appeal had continued the tolling effect of the original complaint, the court would not have had to address the effect of the district court's dismissal. Instead, the court stated that a dismissal without prejudice by the district court that occurs after the statute of limitations period has run removes the tolling effect, allowing the limitations period to block the plaintiff's claims as a matter of course. Indeed, this case very closely mirrors Ciralsky, in which the statute of limitations in a Title VII case foreclosed the plaintiff's claims after the district court's dismissal without prejudice, notwithstanding the appeal. As a purely legal matter, therefore, plaintiff's claims are now time-barred.

This is certainly a harsh result.  Because it closes the door on the plaintiff's claims without a hearing on the merits, Galbreath urges the application of the doctrine of equitable tolling, which protects claimants who have "actively pursued [their] judicial remedies by filing a defective pleading during the statutory period."  Irwin v. Dept. of Veterans Affaris, 498 U.S. 89, 96 (1990).  Equitable tolling as a remedy must be applied "sparingly," however.  Id.  "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."  Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) (per curiam).  For several reasons, the plaintiff's situation does not seem to me to fall within that class of "extraordinarily inequitable" cases for which courts reserve the doctrine.  See Carter v. WMATA, 764 F.2d 854, 858 (D.C. Cir. 1985).

First, this case is not like those in which a technical defect has prevented a litigant from filing his claim in time. See, e.g., Burnett v. New York Central R. Co., 380 U.S. 424 (1965)(plaintiff timely filed complaint in wrong court); Herb v. Pitcairn, 325 U.S. 77 (1945) (same); American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974) (plaintiff's timely filing of a defective class action tolled the limitations period as to the individual claims of purported class members).  Galbreath's

original complaint was timely filed in the correct court, preserving his rights.  It was thus not "defective" in the sense used by the Irwin Court.  Rather, only upon a motion to dismiss did Galbreath's complaint become vulnerable.

Second, Galbreath's response to the motion to dismiss and to my order of dismissal more closely resembles the case of a litigant who has "failed to exercise due diligence in preserving his legal rights."  Irwin, 498 U.S. at 96.  As noted in the order of dismissal, Galbreath failed to cure the Rule 8 problem with his complaint despite having been alerted to it by the motion to dismiss.  Rather than explain his entitlement to relief, he made "a series of legal arguments explaining why the complaint does satisfy Rule 8".  Mem. Ord. of Dec. 9, 2003, Galbreath v. Rogan, Civil Action No. 02-2354 (JR).  He did not raise the statute of limitations issue before the dismissal order was issued, nor-- despite being aware of the statute of limitations problem, see Ex. 4, Pl.'s Opp. to Def.'s Mot. to Dismiss (plaintiff's post-order letter to defendant stating, "I am concerned about the two-month time for commencing a civil action set forth in 37 C.F.R. 1.304.")--did he move after the order was issued for reconsideration or for relief under Rule 60 that would have allowed the filing of an amended complaint.  As the Ciralsky court said about the prejudicial effect of a dismissal after the limitations period, "had [the plaintiff] set forth this argument

with clarity to the district court, he might have won the day." 355 F.3d at 673.  Neither Ciralsky nor Galbreath did so. "Manifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." Id.

Finally, although I need not decide the issue of the adequacy of the second complaint under the requirements of Rule 8, the plaintiff's minimal efforts to explain his entitlement to relief do not impress upon me a sense that equitable tolling is necessary to prevent injustice.  In dismissing the original complaint, I stated that the plaintiff "has not offered a factual predicate concrete enough to warrant further proceedings."  Mem. Ord. of Dec. 9, 2003, Galbreath v. Rogan, Civil Action No. 02-2354 (JR).  The two additional sentences the plaintiff added to his complaint do not go very far in alleviating that defect. While plaintiff does correct his omission of even a claim that the PTO's decision was erroneous, he offers only conclusory labels when describing what was erroneous about the decision.

The PTO rejected Claim 24 as indefinite and Claims 21-23, 25-27, and 29-35 as obvious versus the prior art.  Reaching these legal conclusions required comparing plaintiff's application to three prior patents, and involved specific findings on how to interpret plaintiff's claims, how to interpret the prior patents, what the prior patents disclose, and how and

why one of ordinary skill might combine these patents.  Rather than allege factual errors in the PTO's findings, however, the complaint simply denies its legal conclusions.  While the requirements of Rule 8 are meager, they include giving the defendant fair notice of the plaintiff's claims and the grounds upon which they rest.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Giving such notice requires more than conclusory labels.  See Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); accord Greene v. Dalton, 164 F.3d 671, 675 (1999) ("Accepting...conclusory allegations as true, therefore, would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial.").  The complaint does not give the PTO any notice of what, if anything, was wrong in its analysis.  Even without the statute of limitation problem, therefore, the complaint might be vulnerable to another motion to dismiss under Rule 8.  One thing is certainly clear: in seeking an equitable exception from the applicable statute of limitations, plaintiff has not shown extraordinary diligence, or

even responsiveness, in remedying the initial problem with his complaint.

                        \*      \*      \*      \*

An appropriate order accompanies this memorandum.



                                        JAMES ROBERTSON
                             United States District Judge